UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| KHONGSOUVANKHAM SONETHANONG,<br>        Plaintiff,<br><br>        v.<br><br>REX TILLERSON, SECRETARY OF STATE, et al.,<br>        Defendants. | C.A. No. 17-093-JJM-LDA |

## ORDER

Khongsouvankham Sonethanong has brought suit against Rex Tillerson, the United States Secretary of State, and Elaine Duke, the Acting United States Secretary of Homeland Security[1] (collectively, the "Government"), seeking a declaration that he is a citizen of the United States, as well as damages, fees, and costs. ECF No. 1. The Government has moved to dismiss (ECF No. 8), which Mr. Khongsouvankham[2] opposes (ECF No. 14). For the following reasons, the Government's motion is GRANTED.

---

[1] The Court substitutes Ms. Duke for former DHS Secretary John Kelly as the proper named defendant. *See* Fed. R. Civ. P. 25(d); *see also infra* § III.C.

[2] Although the plaintiff's filings give his name in the above-captioned order, his family name appears to be Khongsouvankham. *See, e.g.*, ECF No. 14 at 15–16; *United States v. Khongsouvankham*, No. 11-042 (D.R.I. Mar. 23, 2011). The Court thus refers to the plaintiff with the appellation "Mr. Khongsouvankham."

## I. BACKGROUND

Mr. Khongsouvankham was born on January 6, 1978. It is unclear whether he was born in Thailand or Laos; in any event, it is undisputed that he was born outside of the United States to married non-citizens. Mr. Khongsouvankham entered the United States with his mother, father, and family on January 28, 1981, as refugees of the Vietnam War. Mr. Khongsouvankham was just three years old at the time. He and his family became permanent residents upon entry.

On May 19, 1989, Mr. Khongsouvankham's mother naturalized as a United States citizen. Mr. Khongsouvankham was eleven years old. On November 4, 1996, Mr. Khongsouvankham's father naturalized as a United States citizen. Mr. Khongsouvankham was eighteen years old. Mr. Khongsouvankham has never been recognized as a United States citizen.

In January of 2012, Mr. Khongsouvankham was sentenced for crimes involving drugs, firearms, and forgery. *See United States v. Khongsouvankham*, No. 11-042 (D.R.I. Jan. 26, 2012). He is currently incarcerated.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the Court lacks subject-matter jurisdiction. The plaintiff bears the burden of proving that subject-matter jurisdiction exists. *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996).

Under Rule 12(b)(6), a complaint must be dismissed where it fails to state a claim upon which relief can be granted. The Court accepts factual allegations as

true, but disregards legal conclusions couched as facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III.    DISCUSSION

Mr. Khongsouvankham's Complaint brings five counts against the Government. For the following reasons, the Court must dismiss each of them.

### A.    Count One: Declaratory Relief

The first count in the Complaint seeks declaratory relief under 28 U.S.C. § 2201(a). Section 2201 provides for the declaratory judgment remedy; however, it does not independently confer jurisdiction on federal courts. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Thus, the invocation of section 2201 is not enough to confer jurisdiction on federal courts; some independent source is required. *See id.* at 672; *see also Colonial Penn Grp., Inc. v. Colonial Deposit Co.*, 834 F.2d 229, 232 (1st Cir. 1987) ("Federal jurisdiction does not lie simply because relief is requested under the federal Declaratory Judgment Act.").

The most logical source of jurisdiction here is 8 U.S.C. § 1503(a), which governs proceedings for a declaration of United States nationality. *See Correia v. Dulles*, 129 F. Supp. 533, 533 (D.R.I. 1954). An action under section 1503(a) "may be instituted only within five years after the final administrative denial of such right or privilege." 8 U.S.C. § 1503(a). Here, Mr. Khongsouvankham admits that he "never sought [administrative remedies] in the first place." ECF No. 14 at 7. Because Mr. Khongsouvankham has not exhausted his administrative remedies, the Court lacks jurisdiction to hear Count One. Accordingly, it must be dismissed.

B.    Count Two: Injunctive Relief

Count Two asks this Court to "enjoin Defendants from withholding federal citizenship documentation from Plaintiff." ECF No. 1 at 7. Mr. Khongsouvankham appears to claim that he automatically derived citizenship under 8 U.S.C. §§ 1431(a) or 1432(a) via the naturalization of his parents.

As an initial matter, it is questionable whether either section 1431(a) or 1432(a) provides a private right of action. Statutes must expressly or impliedly create a cause of action; "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action." *Cannon v. Univ. of Chi.*, 441 U.S. 677, 688 (1979). Here, there is no express private right of action in either provision, and given courts' reluctance to infer private rights of action in other immigration provisions, it is less than certain Mr. Khongsouvankham would prevail on such an argument. *See, e.g., Clarke v. Holder*, 767 F. Supp. 2d 106, 110–11 (D.D.C. 2011); *Limas v. McNary*, 799 F. Supp. 1259, 1263 (D. Mass. 1992).

Even assuming he has a private right of action, Mr. Khongsouvankham's claim fails as a matter of law. Critical here is which version of the statute applies. "[I]f an individual . . . is over 18 years of age during the validity of the statute now in effect, he cannot meet the material conditions for automatic citizenship." *In re Rodriguez-Tejedor*, 23 I. & N. Dec. 153, 163 (B.I.A. 2001); *see also id.* (age is a material condition). Because the statutes here require him to derive citizenship by age eighteen, the versions of the statutes that apply to Mr. Khongsouvankham must

be the ones that were in effect when he was eighteen.

The derivative citizenship argument in Mr. Khongsouvankham's Complaint appears to rely on the current version of section 1431(a):

> A child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:
>
>> (1) At least one parent of the child is a citizen of the United States, whether by birth or naturalization.
>>
>> (2) The child is under the age of eighteen years.
>>
>> (3) The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.

8 U.S.C. § 1431(a); *see* ECF No. 1 at 3. This provision came into effect as part of the Child Citizenship Act of 2000, Pub. L. No. 106-395, 114 Stat. 1631. For an individual to take advantage of the Act's provisions, he must have turned eighteen after its effective date. *See Thompson v. Lynch*, 808 F.3d 939, 940 n.1 (1st Cir. 2015) (citing *In re Rodriguez-Tejedor*, 23 I. & N. Dec. at 162). Mr. Khongsouvankham turned eighteen on January 6, 1996. Thus, he cannot automatically derive citizenship under this provision.

The version of section 1431(a) that *was* in effect on Mr. Khongsouvankham's eighteenth birthday does not help him, either:

> A child born outside of the United States, one of whose parents at the time of the child's birth was an alien and the other of whose parents then was and never thereafter ceased to be a citizen of the United States, shall, if such alien parent is naturalized, become a citizen of the United States, when—
>
>> (1) such naturalization takes place while such child is unmarried and under the age of eighteen years; and

(2) such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of naturalization or thereafter and begins to reside permanently in the United States while under the age of eighteen years.

8 U.S.C. § 1431(a) (1996). This provision requires one of Mr. Khongsouvankham's parents to have been a U.S. citizen at his birth. Neither was, and so section 1431(a) does not allow him to automatically derive citizenship.

Similarly, any claim under section 1432(a) fails. The version of section 1432(a) applicable to Mr. Khongsouvankham reads:

A child born outside of the United States of alien parents, or of an alien parent and a citizen parent who has subsequently lost citizenship of the United States, becomes a citizen of the United States upon fulfillment of the following conditions:

(1) The naturalization of both parents; or

(2) The naturalization of the surviving parent if one of the parents is deceased; or

(3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if

(4) Such naturalization takes place while such child is unmarried and under the age of eighteen years; and

(5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years.

8 U.S.C. § 1432(a) (1996). Under this provision, *both* of Mr. Khongsouvankham's parents must have naturalized *before* he turned eighteen. His mother naturalized when he was eleven; his father naturalized ten months after his eighteenth

birthday. Unfortunately, then, Mr. Khongsouvankham cannot automatically derive citizenship under section 1432(a).[3]

As no applicable statute allows Mr. Khongsouvankham to automatically derive citizenship, his claims fail as a matter of law. Accordingly, the Court must dismiss Count Two.

### C. Counts Three through Five: 42 U.S.C. § 1983

The third, fourth, and fifth counts in Mr. Khongsouvankham's Complaint seek relief under 42 U.S.C. § 1983. Section 1983 provides a cause of action against individuals who act "under color of any statute, ordinance, regulation, custom, or usage, of any *State*." 42 U.S.C. § 1983 (emphasis added). "[A] section 1983 claim normally does not lie against a federal official." *Redondo-Borges v. U.S. Dep't of Hous. & Urban Dev.*, 421 F.3d 1, 6 (1st Cir. 2005). Mr. Khongsouvankham has not sued any state officials, nor do any of the exceptions to this general rule apply. *See id.* Accordingly, he has failed to state a claim under section 1983.

Construing the Complaint broadly, the Court also notes that Mr. Khongsouvankham has not stated a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). "The *Bivens* doctrine allows plaintiffs to vindicate certain constitutionally protected rights through a private cause of action for damages against federal officials *in their individual capacities*." *Chiang v. Skeirik*, 582 F.3d 238, 243 (1st Cir. 2009) (quoting *DeMayo v. Nugent*, 517 F.3d 11,

---

[3] This assumes Mr. Khongsouvankham invokes section 1432(a)(1). No facts alleged in the Complaint support an argument for derivative citizenship under subsections (2) or (3). If the facts *do* support such an argument, Mr. Khongsouvankham may amend his Complaint to so allege.

14 (1st Cir. 2008)). A *Bivens* suit must be brought against an individual capacity defendant, for if the suit were brought against an official capacity defendant, the United States would be the real party in interest and principles of sovereign immunity would apply. *See Lewis v. Clarke*, 137 S. Ct. 1285, 1291 (2017).

Here, Mr. Khongsouvankham's suit appears to be against the named defendants in their official capacities. He has sued "Rex Tillerson, Secretary of State for the United States of America," and "Secretary Kelly, for the Department of Homeland Security." ECF No. 1. Even assuming Mr. Khongsouvankham intended to sue these defendants in their individual capacities, he has failed to allege any facts that would support individual liability. Either way, Mr. Khongsouvankham has failed to state a *Bivens* claim. Accordingly, Counts Three, Four, and Five must be dismissed.

IV.   CONCLUSION

For the reasons stated above, the Government's Motion to Dismiss is GRANTED.


IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

December 1, 2017

8