UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KHONGSOUVANKHAM SONETHANONG,<br>    Plaintiff,<br><br>v.<br><br>REX TILLERSON, SECRETARY OF STATE, et al.,<br>    Defendants. | C.A. No. 17-093-JJM-LDA |

ORDER

Khongsouvankham Sonethanong asks the Court to reconsider its Order granting Defendants' motion to dismiss his Complaint. ECF No. 17. For the following reasons, his motion is DENIED.

I.  BACKGROUND

Mr. Khongsouvankham brought suit seeking a declaration that he is a United States citizen, as well as damages, fees, and costs. ECF No. 1. The Government moved to dismiss (ECF No. 8), and in an Order dated December 1, 2017, this Court granted the motion and dismissed the Complaint (ECF No. 16). The Court concluded that it lacked jurisdiction over Mr. Khongsouvankham's claim for declaratory relief, that he failed to state a claim for injunctive relief, and that he failed to state claims under either 42 U.S.C. § 1983 or under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). ECF No. 16. Mr. Khongsouvankham now asks the Court to reconsider its Order. ECF No. 17.

## II. STANDARD OF REVIEW

To succeed on a motion for reconsideration, "the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006); *see also Global Naps, Inc. v. Verizon New Engl., Inc.*, 489 F.3d 13, 25 (1st Cir. 2007) ("As a general matter, a motion for reconsideration may only be granted if the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.").

"The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer*, 465 F.3d at 30 (quoting 11 Charles Alan Wright et al., Fed. Practice & Proc. § 2810.1 (2d ed. 1995)). "[S]uch a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." *Id.*

## III. DISCUSSION

Mr. Khongsouvankham advances numerous claims of error. He presents no new evidence; thus, the Court reviews its Order for manifest error of law.

First, Mr. Khongsouvankham argues this Court erred by failing to take as true his allegation that he is a United States citizen. However, that is a legal conclusion that represents the central issue in this case, and the Court is not required to accept as true legal conclusions couched as fact. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Second, Mr. Khongsouvankham alleges that this Court failed to consider the fact that his mother naturalized when he was eleven years old, along with related documentation supporting that claim. This Court did, however, consider that fact, and accepted it as true. ECF No. 16 at 6. Nonetheless, the Court held that this fact alone was insufficient to confer citizenship upon Mr. Khongsouvankham based on the law applicable to him at the time. *Id.*

Third, Mr. Khongsouvankham argues that the Court erred by concluding that his father's naturalization ten months after Mr. Khongsouvankham's eighteenth birthday defeated his claim to citizenship as a matter of law. This is not an impermissible finding of fact; the Court accepted the factual allegations put forth by Mr. Khongsouvankham as true (including the date of his father's naturalization) and determined that, as a matter of law, he could not claim citizenship under 8 U.S.C. § 1432(a) (1996). *See* ECF No. 16 at 6–7.

Fourth, Mr. Khongsouvankham claims that the Court improperly applied the summary judgment standard in granting the Government's motion to dismiss. The Court, however, applied the proper standards under Federal Rule of Procedure 12. *See id.* at 2 (establishing standard), 3 (dismissing Count One for lack of subject-matter jurisdiction), 4–9 (noting that Mr. Khongsouvankham likely does not have a private right of action but noting that, even if he did, all of his non-conclusory allegations accepted as true would fail to state a claim as a matter of law); 7–8 (dismissing Section 1983 claims against federal defendants and, broadly construing claims, determining that Mr. Khongsouvankham did not state a *Bivens* claim, as

3

Mr. Khongsouvankham appeared to sue the Defendants in their official capacities, and that, in any event, he failed to sufficiently allege any facts that would support individual liability).

Fifth, Mr. Khongsouvankham claims that the Court could not question whether it had subject matter jurisdiction over his declaratory judgment claim because the Complaint invoked Section 1983 and because diversity of citizenship exists. Aside from the fact that the matter was before the Court on a motion to dismiss for lack of subject matter jurisdiction, "[i]t is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). As the Order explained, Mr. Khongsouvankham's claims for a declaration of United States citizenship are properly construed as seeking relief under 8 U.S.C. § 1503, which governs "[p]roceedings for declaration of United States nationality." Mr. Khongsouvankham cannot circumvent this statute or its requirements by invoking diversity of citizenship. *See Puig Jimenez v. Glover*, 255 F.2d 54, 56 (1st Cir. 1958) (Section 1503 enacted "with the evident intention of limiting the opportunity of persons claiming to be citizens to seek a judicial declaration of their rights"). This provision confers jurisdiction on courts to hear proceedings for declarations of citizenship "only within five years after the final administrative denial of such right or privilege." 8 U.S.C. § 1503(a). Thus, the Court lacks subject matter jurisdiction to hear the claim.

Sixth, Mr. Khongsouvankham challenges the Court's determination that, as a matter of law, he cannot meet the material conditions for automatic citizenship.

Mr. Khongsouvankham argues that this holding "is suitable for summary judgment and not a motion to dismiss." ECF No. 17 at 8. However, when a court concludes that a complaint fails to state a claim to relief, even accepting all of the plaintiff's factual allegations as true, it may dismiss the complaint under Rule 12(b)(6). That is what the Court did here. *See* ECF No. 16 at 4–7. All of the plausible allegations in the Complaint were accepted as true—except for the legal conclusion that Mr. Khongsouvankham is a citizen—and the Court determined that he failed to state a claim. Accordingly, Count Two was dismissed.

Seventh, Mr. Khongsouvankham challenges the Court's dismissal of his claims under Section 1983. As the Court noted in its Order, Section 1983 actions lie against state officials, and typically not against federal officials. ECF No. 16 at 7. Mr. Khongsouvankham argues that he is not suing federal officials and that his 1983 claims can be brought against "anyone liable for suit for redress." ECF No. 17 at 9. This is incorrect as matter of law. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed *by a person acting under color of state law.*" *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Mr. Khongsouvankham did not claim the named Defendants acted under color of state law; accordingly, the Court dismissed his Section 1983 claims.

Finally, Mr. Khongsouvankham argues that he was prejudiced by the Court's sua sponte substitution of the acting secretary of the Department of Homeland Security for then-Secretary and now-White House Chief of Staff John Kelly. As

explained in the Order, the Court construed Mr. Khongsouvankham's claims as official capacity claims and accordingly substituted the proper named defendant under Federal Rule of Civil Procedure 25(d). Under that Rule, "[t]he court may order substitution at any time." The Court concluded that the Complaint failed to allege any facts supporting individual liability, and thus, substitution was not a manifest error of law.

IV. CONCLUSION

For the reasons stated above, Mr. Khongsouvankham's motion for reconsideration (ECF No. 17) is DENIED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

January 8, 2018